Gordon, Robert B., J.
This case arises out of a disagreement among the parties as to who possesses the lawful general partnership interest in the Juncos Limited Dividend Partnership (the “Juncos Partnership”) . Plaintiffs claim that R. Bird and Associates, Inc. became and today remains the sole General Partner of this entity. Defendant Fernando L. Sumaza Company, Inc. (“Sumaza”) disputes this contention and maintains that, through an involved sequence of events, it succeeded to the role and rights of General Partner of the Juncos Partnership.
At issue in the present motion is a pre-litigation missive authored by David J. Kneeland, Jr., Esq., a business lawyer then representing Felix Alvarez Bracero and Alvarez Bracero GP, LLC. Attorney Kneeland transmitted a letter to Sumaza and its lawyer, James O. Casey, Esq. In this letter, attorney Kneeland challenged Sumaza’s publicly filed claim to the General Partnership, and threatened legal action if such claim were not satisfactorily explained. The substance of the letter reads as follows:
Please be advised that this office represents Alvarez Bracero GP, LLC. It has come to our attention that you have filed certain documents with the Commonwealth of Massachusetts Secretary of State’s office claiming that Fernando L. Sumaza & Co., Inc. is the General Partner of Juncos Limited Dividend Partnership.
Please be advised that Alvarez Bracero GP, LLC is the rightful general partner of Juncos Limited Dividend Partnership. I invite you to please contact me at your earliest opportunity to provide me with the basis of your recent filings. If we fail to hear from you within 14 days, legal action will be instituted toprotect the interests ofAlvarezBracero GP, LLC.
Defendant Sumaza has sought to question Alvarez Bracero GP (through its president, Felix Alvarez Bracero) concerning the Kneeland letter and the circumstances leading to its creation and transmittal. Because the defendant takes the position that the letter actually supports Sumaza’s claim to having become the General Partner of the Juncos Partnership, it seeks to question this client in a manner that will tie it to the substance of the lawyer’s statements therein.
At deposition, and citing attorney-client privilege, Mr. Bracero was directed by his new counsel (Knee-land no longer involved in the matter) not to answer questions concerning what the precise scope of attorney Kneeland’s professional engagement was, what he did and did not instruct attorney Kneeland to do in respect to the letter he transmitted to Sumaza, and what communications he may have had with attorney Kneeland concerning the substance of the letter itself. Sumaza’s present motion contests the plaintiffs assertion of the attorney-client privilege in these circumstances. Sumaza first suggests that its proposed inquiry does not reach matters protected by the attorney-client privilege at all. In the alternative, Sumaza argues that, by the statements contained in the Kneeland letter, opposing counsel partially disclosed to a third party communications with his client, and thereby waived the privilege concerning all matters related to the same subject. Upon review, the Court has concluded that Defendant’s Motion to Compel must be ALLOWED IN PART and DENIED IN PART, as follows.
As a threshold matter, Sumaza may question the plaintiff to establish the fact of an attorney-client relationship with Kneeland, and the specific points in time when such a relationship was effective. Sumaza may likewise question the plaintiff to establish the fact that attorney Kneeland transmitted the subject letter to Sumaza in his capacity as an agent of Alvarez Bracero. This type of information is routinely subject to compulsory disclosure under Mass.R.Civ.P. 26(b)(5), and is designed to “enable the requesting party and the court to assess the propriety of the assertion of privilege.” P. Lauriat et al., Discovery, 49 Mass. Practice §4.1, at 337 (2008 ed.). (To this limited extent, therefore, Sumaza is correct that a portion of the discovery responses it seeks from the plaintiff are not protected by attorney-client privilege, and the defendant’s motion to compel shall to such extent be allowed.) If these privilege-qualifying facts are established, then the Kneeland letter will perforce qualify as an admission of a party-opponent and may be used as such at trial. No further questioning into communications between lawyer and client concerning the subject matter of the letter, however, will be permitted either *676 prior to or during trial, such communications clearly constituting privilege-protected matters. See P. Lauriat et al., Discovery, supra at §4.3.
Conversely, if either the existence of an attorney-client relationship between Alvarez Bracero and Knee-land, or the fact that Kneeland’s demand letter was transmitted by the lawyer as an agent of Alvarez Bracero, is denied by the plaintiff, then defendant Sumaza shall be permitted to explore in discovery precisely how the Kneeland letter came to be created. In other words, if Alvarez Bracero and Kneeland had an attorney-client relationship, and if the Kneeland letter to Sumaza related to the subject matter of that relationship, then all private communications between lawyer and client concerning the letter and its transmittal (beyond those establishing the predicate privilege itself) are privileged and exempt from discovery. The simple fact of the letter as the admission of a party-opponent will have to suffice.[1]
On the other hand, if Alvarez Bracero denies that it had an attorney-client relationship with Kneeland, or if the plaintiff maintains that the letter transmitted to Sumaza was somehow outside the scope and not part and parcel of such a relationship, then the circumstances of the letter’s creation will be fair game for discovery. In such event, either the plaintiff or attorney Kneeland himself may be questioned about the letter, including any communications they may have had about it prior or subsequent to its transmittal to Sumaza. This follows because, if there was no attorney-client relationship between Alvarez Bracero and Kneeland, or if the letter sent to Sumaza had nothing to do with such a relationship, then no attorney-client privilege concerning it can properly be claimed by the plaintiff.
One final issue concerning the Kneeland letter and the privilege claim asserted by the plaintiff warrants comment. Sumaza argues in its motion that, by the very fact of the legal position attorney Kneeland asserted in his letter, viz., the contention that Alvarez Bracero was the rightful general partner of the Juncos Partnership, the plaintiff should be deemed to have waived the attorney-client privilege as to the entire subject matter of the letter. The Court does not agree. It is true that statements which partially disclose private lawyer-client communications may in some circumstances operate to waive privilege as to the balance of the communication. See P. Lauriat et al., Discovery, supra at §4.3, p. 347 (“An attorney’s intentional disclosure of presumptively privileged information may also waive the privilege”). That, however, is clearly not what transpired in the present case. Attorney Kneeland here transmitted a demand letter to a party adverse to his client, advancing a legal position as the precursor to the commencement of a lawsuit. Kneeland disclosed no portions of any confidential communications with his client in this letter; and the kind of documented position-taking by counsel that such a letter evidences is coin of the realm in the run-up to civil litigation.[2] The transmittal of this letter to Sumaza cannot reasonably be deemed to reflect an intentional relinquishment of the attorney-client privilege. As the District Court of Massachusetts has repeatedly declared, a party has not waived its attorney-client privilege:
if its lawyer, bargaining on its behalf, contends vigorously and even in some detail that the law favors his client’s position on a point in issue— whether that point is the contested validity of a patent, the contested validity of a contract, or some other matter. Bargaining, like litigation itself, partakes of the adversary process. Negotiated settlements are to be encouraged, and bargaining and argument precede such settlements. Clients and lawyers should not have to fear that positions on legal issues taken during negotiations waive the attorney-client privilege so that the private opinions and reports drafted by an attorney for his client become discoverable.
Ken’s Foods, Inc. v. Ken's Steak House, Inc., 213 F.R.D. 89, 96 (D.Mass. 2002) (citation and quotation omitted).[3] Accordingly, to the extent Sumaza’s Motion to Compel seeks disclosure of attorney-client privileged information pertaining to the Kneeland letter, on the ground that the privilege has been waived by the fact of the letter itself, the motion shall be denied.
CONCLUSION AND ORDER
In accordance with the foregoing, the Defendant’s Motion to Compel Answers to Deposition Questions and Determine Scope of Attorney-Client Privilege is ALLOWED IN PART and DENIED IN PART.

 Should plaintiff at any point volunteer the position before the Court that Kneeland spoke out of turn, misunderstood the facts, acted without express authorization when sending the letter to its adversary, or the like, then such position-taking will very likely qualify as a waiver of the privilege and open the door to further questioning about the letter and Its genesis.

 Indeed, certain statutory causes of action actually require demand letters from counsel as a condition to prosecution of the claim. See, e.g., Mass. G.L.c. 93A, §9(3).

 The decision in Ploof v. Cornu-Schaab Properties, 1 Mass. L. Rptr. 292 (Mass.Super.Ct. Nov. 4, 1993 (Flannery, J.)), relied upon by Sumaza Is readily distinguished. In Ploof, the client (rather than the attorney) authored the subject letter, disclosed a substantial amount of detail concerning the positions taken therein, and made specific reference to communications with his lawyer. Moreover, the client explicitly offered to have this lawyer answer any specific questions the letter’s recipient might have, a fact the Court found to reflect an Intention to disclose the substance of the communications claimed to be privileged. The present case bears none of these significant indicia of waiver.